## SUPREME COURT.

### Amos Dann agt. William Baker.

Where a supplemental complaint is made, under § 177 of the Code, after answer, it is not allowable to a defendant, as a general rule, without special permission, to answer anew, or further, the original complaint.

*Monroe General Term, Dec.,* 1855.
Selden, T. R. Strong, and Welles, *Justices*

Appeal from an order denying a motion to strike out part of an answer.

A. Dann, *in person.*
J. Wood, jr., *for defendant.*

By the court—T. R. Strong, Justice. A supplemental complaint under § 177 of the Code, is not like an amended complaint under § 172, allowing any pleading to be once amended by the party of course, a substitute for the original complaint, by which the former complaint is superseded; but it is a further complaint, and assumes that the original complaint is to stand. Hence, where a supplemental complaint is made after answer, the answer is not, as in the case of an amendment after answer, at an end; but it remains in full force, and an answer is required only as to the supplemental matter. And I think it is not allowable to a defendant in such a case, as a general rule, without special permission, in addi-

tion to answering the supplemental complaint, to answer anew, or further, the original complaint. There does not appear to be any good reason for permitting that practice, and no authority is cited, nor do I find any warranting it. If a further answer to the original complaint is necessary, leave to amend should be applied for, when the other party can be heard, and the court, if the motion is granted, can impose such terms as may be just. A supplemental bill, in chancery, generally called upon the defendant to answer the supplemental matter only; though in some cases, as of transmission or transfer of interest, and new parties, where a discovery was desired, the new bill might pray for an answer to both bills. (2 *Barb. Chan. Prac.* 72, 73.)

In the present case, the parties to the original and supplemental complaint are the same; their interests are unchanged; and the supplemental matter consists of allegations, that the defendant, after issue joined, claimed and received the benefit of that portion of the award on which the action is founded which was in his favor, and that he is therefore estopped, barred and precluded from questioning or resisting the plaintiff's demand upon that portion of the award which is against the defendant. No part of the original complaint is set forth; the new matter is stated to be in addition to the former complaint. The defendant has answered, by denying the matter of the new complaint, and setting up as a further answer, in addition to his former answer, a set-off in bar of the action. That portion of the answer presenting the defence of a set-off, the plaintiff seeks to have stricken out as unauthorized and irregular. There is no connection between such a defence and the matter of the supplemental complaint; and I am satisfied the plaintiff is entitled to the relief asked, unless he has lost it by delay.

The answer to the supplemental complaint was served the 5th of December, 1853, but it was immediately returned to the defendant's attorneys as unauthorized; and the question as to the obligation of the plaintiff to receive the answer was not settled until a decision of the court, on a special motion, between the parties the 29th of November, 1854. Notice of this

motion was served the 21st of December thereafter for the special term, the 1st Monday in January. Upon these facts, I think, no laches are fairly imputable to the plaintiff.

It is insisted by the defendant's counsel that the 40th rule of this court, requiring motions to strike out of any pleading matter alleged to be irrelevant or redundant, to be noticed within twenty days from the service of the pleading, applies to this case; but I think otherwise. This is an attempt to connect with an answer to the supplemental complaint a further answer to the original complaint; the objectionable matter is, in form and substance, in answer to the original complaint; and the ground of the motion is not that the matter is irrelevant or redundant, but that a further answer to the original complaint could not be made without leave of the court.

My opinion is, that the order appealed from should be reversed, and the motion of the plaintiff granted.