## THE ELIZABETHPORT MANUFACTURING COMPANY *a.* CAMPBELL.

*Supreme Court, First District; Special Term, July,* 1861.

CAPACITY TO SUE.—FRIVOLOUS AND FALSE PLEADINGS.—EFFECT OF AMENDMENT.

Where the complaint averred that the plaintiffs were a corporation duly incorporated by the laws of the State of New Jersey, with power to sue and be sued, and did business in the State of New York ; and the defendant demurred to the complaint on the ground that it appeared that the plaintiffs had not legal capacity to sue ;—*Held,* that the demurrer was frivolous.

On a motion, made upon affidavits. to strike out an answer containing denials, where it is satisfactorily proved that the denials are false, the court may strike out the answer as false.

The Elizabethport Manufacturing Company *a.* Campbell.

The-*prima facie* effect of the amendment of a pleading, is an acknowledgment of the pleader that he has been mistaken, and not that a party or pleader has wilfully or knowingly made a false statement in the pleading so amended.

In an action upon a promissory note, an answer which sets up a parol agreement between the parties, without consideration, inconsistent with the tenor of the note, should be struck out as frivolous.*

Motion for judgment on answer and demurrer.

This action was commenced to recover the sum of $2,500, the amount of five promissory notes, made by the defendant. The amended complaint averred that the plaintiffs were a corporation, duly incorporated by the laws of the State of New Jersey (with power to sue and be sued), and did business in the State of New York, and set out the several notes as distinct causes of action, according to their legal effect.

To the first cause of action the defendant demurred, on the ground that it appeared from the face of the complaint that the plaintiff had not legal capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action.

---

* In the cases of THE SHOE AND LEATHER BANK *a.* FIELD and CAMP (*Supreme Court First District; Special Term,* 1861), the same rule was applied.

The facts are stated in the following opinion.

MULLIN, J.—The motions to strike out portions of the answers in these cases must be granted.

The facts alleged by way of defence are, that when the notes were made, Stout, the president of the plaintiff, was indebted to Field in a large sum of money, and it was agreed by and between Field, Stout, and the bank, that Field should make his notes to be indorsed by Camp, and the bank would discount them, pass the notes to Field's credit, and Stout would pay them, or cause them to be paid. The plaintiff moves to strike out all except as to the payment by Stout.

If Stout has paid the notes, the portion of the answer which alleges payment is all that is necessary to enable the defendants to make that defence available. The other matters would only be evidence, and not pleadable.

If the defendant means to set up an agreement by the bank to accept Stout as its debtor, and that the defendant was by that agreement discharged from all liability on the papers, such an agreement is no defence.

The defendant says the agreement was made at or about the time the note was given. If the bank, concurrently with the making and discount of the note, agreed that the defendant should not be liable upon it (for that is the proposition), the verbal agreement contradicts the writing, and is not available for that reason.

There is no consideration whatever alleged or shown, to support such an agreement.

For these and other reasons which might be given, I think the motion should be granted, with $10 costs in each case.

To the remaining causes of action the defendant answered :

*First.* There was not, nor was there at the time of the commencement of this action, any such corporation as the Elizabethport Manufacturing Company, duly incorporated under the laws of the State of New Jersey ; nor were the plaintiffs at any of the said times a corporation duly incorporated. *Second.* As to the third cause of action, that he denied each and every allegation of the amended complaint, respecting the same. *Third.* That at the several times of the dates of the making and delivery of the notes in the statements of the said second, fourth, and fifth causes of action, mentioned and set forth, and of the other notes hereinafter referred to, there was an open, running, and unsettled account between the plaintiffs and the defendant for work, labor, and materials done and furnished by the plaintiffs for the defendant ; that the said work, labor, and materials were done and furnished from time to time under an agreement, by and between them, that the defendant should have a credit therefor, and should not be called on nor liable to pay for the same for a space of time, which had not yet elapsed at the time of the commencement of this action ; that the said notes, together with divers other notes, now outstanding respectively, were made and delivered by the defendant to the plaintiffs, or to their agent, and made payable in anticipation of the time when the said credit would expire, and on account of the said work, labor, and materials, at their request and for their accommodation, to enable them to raise money thereon for their own use, under a further agreement, by and between the plaintiffs and the defendant, that they should be paid, taken up, and retired by the plaintiffs, and held by them, or renewed till the expiration of the said credit, and that the defendant should not be called on for, or be liable to pay the same, nor any of the same, nor any part thereof, till the expiration of the said credit. *Fourth.* That the notes stated for the second, fourth, and fifth causes of action, and the said divers other notes so made and delivered by the said defendant as aforesaid, were so made and delivered as aforesaid, under the further agreement, by and between the plaintiffs and the defendant, that the defendant should not be called on for, or be liable to pay upon the same, more than the amount which the plaintiffs should reasonably deserve to have for the said work, labor, and materials. That the said notes

largely exceed the amount which the plaintiffs were reasonably entitled to have for the said work, labor, and materials, on the expiration of the said credit. That the plaintiffs had rendered to the defendant, on account of the said work, labor, and materials, whereby the defendant was charged by them for the said work, labor, and materials, greatly more than they reasonably deserved to have therefor, and more than the defendant was *legally* bound to pay upon the said notes, or the said accounts.

The plaintiffs made the present motion for judgment on the demurrer as frivolous, and on the answer as false, frivolous, and sham, on affidavits and certificate as stated in the opinion.

*James W. Culver*, for the plaintiffs.—I. A sham answer is false, and being put in merely for delay, will be stricken out under § 152 of Code. (See Danon *a.* Miller, 5 *How. Pr.*, 247.) A frivolous answer is one that states no legal defence. (Brown *a.* Jennings, 3 *Sandf.*, 732.) An answer setting up new matter or containing a material denial, may be stricken out though verified, if the court is satisfied that it is sham or false. (People *a.* McCumber, 18 *N. Y.*, 315.)

II. 1. The first amended answer is false. 2. The defendant is estopped by the fact that the notes are given to a company by that name ; and the defendant admits giving the notes. The case is not altered by the plaintiffs being a foreign corporation. (Holyoke Bank *a.* Hoskins, 4 *Sandf.*, 675 ; *How. Code,* 212.) 3. Plaintiffs, under defendant's answer, will not be required to prove the incorporation. (Shoe and Leather Bank *a.* Brown, 18 *How. Pr.*, 308.)

III. The allegations in the answer, of an agreement to renew the notes, are clearly frivolous, as there was no consideration for any such agreement. (Miller *a.* Holbrook, 1 *Wend.*, 317 ; Pabodie *a.* King, 12 *Johns.*, 426 ; Fulton *a.* Mathews, 15 *Ib.*, 432.) And it could not be available unless in writing. (McCartee *a.* Stevens, 13 *Wend.*, 527 ; Payne *a.* Ladue, 1 *Hill*, 6 ; Pratt *a.* Gulick, 13 *Barb.*, 297 ; Hull *a.* Smith, 8 *How. Pr.*, 149.)

IV. In a suit against a corporation, it is not necessary to set out in the complaint, or refer to the act of incorporation, or mention any of its officers. (Accome *a.* American Mineral Co., 11 *How. Pr.*, 24 ; Bank of Waterville *a.* Beltser, 13 *Ib.*, 270 ;

Shoe & Leather Bank *a.* Brown, 9 *Abbotts' Pr.*, 218; S. C., 18 *How. Pr.*, 308; and see 3 *Kern.*, 309.)

*A. C. M. Pennington*, for the defendant.—I. The complaint alleges that the plaintiffs are a foreign corporation, and is defective in not reciting or referring to the act, nor stating the title or date of the act of incorporation. 1 It has never been held under the Code, at general term in this court, nor in the Court of Appeals, that in the case of a foreign corporation, the mere allegation that the plaintiffs are a corporation (such as is made in this case), is sufficient. The decisions in this court, at special term, have been at variance on this question. 2. It is fairly to be inferred from the provisions of the Revised Statutes (2 *Rev. Stat.*, 4 ed., 699, § 11), that in the case of a foreign corporation, the objection taken by the demurrer is well founded. 3. And so, also, from § 163 of the Code. Indeed, from this section, it would seem to be imperative in the case of a foreign corporation to plead the act of incorporation by its title and the day of its passage. 4. It is no answer to this objection to say, that the defendant has admitted the existence of the corporation by dealing with them in their corporate name, and admitting in the answer that he made the notes to, and dealt with them in, that name.

II. The statement of the first cause of action is defective in three particulars. 1. In not alleging that the note was ever delivered by the defendant. The delivery of a note is absolutely essential to its maturity, for it has no inception till it is delivered. Mr. Justice Clerke is reported to have refused to treat a demurrer as frivolous which interposed this objection. (*Abbotts' Pleadings*, 117, note *s.*) 2. In not alleging any breach, as the non-payment of the note in whole or in part, nor that it is due from the defendant to the plaintiff. (Keteltas *a.* Myers, 1 *Abbotts' Pr.*, 403.) This is not a complaint under § 162 of the Code. 3. It appears, by the complaint, that the note was made payable to William Shove, in the character or by the description of agent, and that he has transferred and indorsed it, not in the character nor by the description of agent, but in his individual name and capacity, without showing his authority to do so.

III. The answer is not frivolous, for the following reasons:

1. It takes issue on the fact of the existence of the corporation which is alleged by the complaint, a traversable fact, denying it on information and belief. 2. It takes issue also on the fact of the making of the note alleged as the second cause of action, also a traversable fact, denying it on the knowledge of the defendant. 3. The two remaining defences, that which relates to the circumstances under which the notes were given, and the credit on the account between the parties, in reference to which the notes were given, and that which relates to the amount due on the account between the parties (though they both set up new matter, and are not simply a negative of the allegations of the complaint), clearly set up good and valid defences. These matters are set up on the knowledge of the defendant, and cannot be said to be frivolous. There is nothing on the face of them suspicious, unusual, or extraordinary, in view of the relations of the parties to the transaction.

IV. The answer is not sham or false in the sense of the Code, so that the court may treat it as such on motion. 1. It is verified by the defendant himself, on his own knowledge. 2. A sham defence sets up new matter, specious and false. Such is not the case here. 3. The defence of the defendant as to the second cause of action is corroborated, and the affidavits produced by the plaintiffs are contradicted by the original complaint in this action, whereby the note alleged as the second cause of action, is described as a note materially different from that described in the amended complaint.

V. In doubtful cases the court will not try issues of facts on affidavits, but will put the parties to a trial, and so in a conflicting case. (Munn *a.* Barnum, 12 *How. Pr.*, 363; Farmers & Mechanics' Bank *a.* Smith, 15 *Ib.*, 329.)

LEONARD, J.—1. The demurrer is frivolous.

2. The act of incorporation is not properly attested, and cannot be read.

"The acts of the Legislature of the several States shall be authenticated by having the seal of their respective States affixed thereto." (2 *Laws of U. S.*, 102, § 1; *Cow. & Hills' Notes*, note 776.)

The affidavits of plaintiffs do, however, prove the existence of the corporation, and that it is engaged in business. The de-

fendants were called upon to show why the plaintiffs were not a corporation.

The plaintiffs' affidavits, not being contradicted, satisfactorily prove that every denial included in the second answer is false. The authority of The People a. McCumber (18 *N. Y.*, 315), is sufficient for striking out those denials, under such circumstances.

The complaint, when amended, is the pleading which is before the court, and not the original one. A reference to the original complaint will not falsify the statements of the amended one, however inconsistent, unless there are some other circumstances to corroborate or show that the statements of the former pleading, which have been amended, were not the result of mistake.

The amendment of a pleading is an acknowledgment of the pleader that he has been mistaken. That is the *prima-facie* effect, and not that the party or the pleader has wilfully or knowingly made a false statement in the pleading so amended.

The first and second answers are stricken out as false.

The third and fourth answers are frivolous, and in respect to them, judgment is granted to the plaintiffs on that account.

There is no consideration for the agreements referred to as defences in the third and fourth answers, and they are inconsistent with the tenor of the notes mentioned in the complaint.

Judgment is, therefore, rendered for the plaintiffs, as to the demurrer and the third and fourth answers, on account of the frivolousness thereof, and the first and second answers are stricken out as false: with $10 costs of this motion to the plaintiffs, and the costs of the action.