George Penniman, Respondent, *v.* The Fuller and Warren Company, Appellant.

When the place of trial of an action is not laid in the proper county, the defendant, under the provision of the Code of Civil Procedure (§ 986), which requires a demand for trial in the proper county to be served with or before service of the answer, retains the right to insist that the trial shall so be had until he has finally defined the issues to be tried, and, therefore, when he avails himself of the right to serve an amended answer, a demand that the trial be had in the proper county served with the amended answer is sufficient.

(Submitted May 23, 1892; decided June 7, 1892.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made January 15, 1892, which affirmed an order of Special Term denying a motion to change the place of trial.

The facts, so far as material, are stated in the opinion.

*Albert Smith* for appellant. The defendant's right to have the place of trial changed when the wrong county is designated in the complaint, is an absolute right. (*Veeder* v. *Baker,* 83 N. Y. 156.) Under such circumstances a statute affecting that right should be liberally construed. (Code Civ. Pro. § 3345.) The object of the time limit of section 936, was to require prompt action by the defendant. (*Duche* v. *B. G. S.*

*Co.*, 13 How. Pr. 518; *Ostrander* v. *Conkey*, 20 Hun, 421; *Townsend* v. *Hillman*, 18 Civ. Pro. Rep. 213; *Veeder* v. *Baker*, 83 N. Y. 156.) The construction contended for by the appellant is within the strict letter of the statute. (*Fry* v. *Bennett*, 3 Bosw. 200; 28 N. Y. 324; *Bank* v. *Garlinghouse*, 4 How. Pr. 174; Code Civ. Pro. § 3343.)

*Charles E. Mahony* and *Barlow & Wetmore* for respondent. The order is not appealable; it does not affect a substantial right. (*McCoun* v. *N. Y. C. R. R. Co.*, 50 N. Y. 176, 177; *People* v. *N. Y. C. R. R. Co.*, 29 id: 418, 421; *Security Bank* v. *Bank of Commonwealth*, 2 Hun, 287; Code Civ. Pro. §§ 129, 483, 982, 983, 985; *Goldberg* v. *Utley*, 60 N. Y. 427; *Van Slyck* v. *Hyatt*, 46 id. 231.) But on the merits the order should be affirmed. A timely demand is a condition precedent to the motion. (*Houck* v. *Lasher*, 17 How. Pr. 520; Code Civ. Pro. §§ 964, 986, 1778; *Duche* v. *B. G. Co.*, 2 Civ. Pro. Rep. 268.) The section plainly says answer; it is not ambiguous and there is no necessity for any construction. But if the question amounts to a construction of the section, it should be strictly construed. (Code Civ. Pro. §§ 499, 985; *Hinz* v. *Starin*, 1 N. Y. S. R. 553.) Even if the demand be in time, if served with an amended answer, in this case the amended answer was not served in time. (Code Civ. Pro. § 798; *Ward* v. *Gillies*, 19 Civ. Pro. Rep. 20.)

MAYNARD, J. The place of trial of this action was not laid in the proper county. The plaintiff was a resident of Kings and the defendant of Rensselaer county. The summons and complaint both state that the trial is desired in New York county. With an amended answer, the defendant demanded that the trial be had in the county of Rensselaer, naming it as the proper county. The demand was not complied with, and the defendant then moved to change the place of trial to Rensselaer, which was denied, upon the ground that the demand was not served in time; that it should have been served before the original answer was served, or at the time of serving it.

In so holding we think the court below erred. The defendant had a right to serve an amended answer, as of course, and when so served it became the answer in the action and superseded all his former pleadings. (*Seneca Co. Bank* v. *Garlinghouse*, 4 How. Pr. 174; *Fry* v. *Bennett*, 3 Bosw. 200; *Dann* v. *Baker*, 12 How. Pr. 521; *Sands* v. *Calkins*, 30 id. 1; *Elizabethport Manufacturing Co.* v. *Campbell*, 13 Abb. Pr. 86; *Fogg* v. *Edwards*, 20 Hun, 90.) It was not an amendment of the original answer. It was a new pleading. The defendant had an absolute right to interpose it, and the service with it of a demand to change the place of trial would seem to be a substantial compliance with the requirement of the Code. The mode of procedure to be observed, as a condition precedent to the exercise by the defendant of his right to have the place of trial changed, evidently had in view the date of joining issue by the service of the answer in the usual and orderly manner of pleading, as the limit of time beyond which a demand would be ineffectual. So long as the defendant has within his control the shaping of the issues upon which the trial of the action is to be had, he may avail himself of the privilege of the statute and elect whether he will go to trial in the county where the venue is laid, or compel his adversary to transfer the cause to the proper county to be selected by him. We agree with the General Term that the demand should be made at, or before, the time of joining issue; but where an amended answer is served in due season, that time is fixed by such service. Until then the issues are transitory and not definitely known or determined. It might be, that upon the issues framed by the original answer, it would be a matter of indifference to the defendant in what county the action should be tried; but with the service of an amended answer, an entirely new case might be presented for trial, which he might deem important to have tried in the proper county. The case of *Veeder* v. *Baker* (83 N. Y. 156) is authority for the position that the service of an answer does not necessarily limit the time in which a demand may be made, if another answer is served under the provisions of the Code authorizing the service of pleadings, as of course.

There the defendant had, with his original answer, served a demand and made a motion to change the place of trial, which had been denied.   The plaintiff served an amended complaint, to which the defendant interposed an answer and made another demand and a second motion to change the place of trial, in accordance with it, which was granted.

The just rule would seem to be that the defendant may retain the right to insist that the trial shall be had in the proper county until he has, by his own act, defined the issues to be tried, when the right is gone, unless he has put the plaintiff in default by the service of the prescribed demand.   While it will not be presumed that the defendant intends to serve an amended answer, yet the right exists, and, if availed of, it becomes the answer of the defendant in the action ; and it would be contrary to the liberal rule of construction, which the Code requires to be adopted in applying its provisions, to deprive him of a privilege which it is expressly stated may be exercised at the time of the service " of the answer."

The plaintiff cannot be seriously prejudiced.   If the amended answer has been served for the purpose of delay, it may be stricken out on motion and with it would fall whatever incidents and privileges the defendant would otherwise have derived from it.   Section 984 of the Code provides that an action of this character must be tried in the county in which one of the parties resided at the commencement thereof.   The plaintiff has deliberately disregarded this requirement.

It is true that a subsequent section permits the action to be tried in the wrong county, unless the defendant makes the demand and follows it with a motion, if not promptly complied with ; but a technical construction should not be invoked to aid the plaintiff in his effort to avoid the application of the statute.

The orders of the General and Special Terms should be reversed, with costs, and the motion to change the place of trial granted, with costs.

All concur.

Orders reversed and motion granted.