Harriet B. Harmon and Marie B. Harmon, Infants, by Frank D. Harmon, their Guardian ad Litem, Respondents, v. Cornelius H. Van Ness, Individually and as Executor of and Trustee under the Will of Emma L. Van Ness, Deceased, Appellant.

Emma Louisa Van Ness Day and Alice Wood, also Known as Alice Van Ness, Defendants.

*Motion to change the venue of an action affecting the title to real property to the county in which it is located — the demand therefor may accompany an amended answer — failure to move under a demand accompanying the original answer — effect of an admission of " due service " of a demand.*

An action brought to procure a judgment declaring that certain property, belonging to the estate of a testatrix, was subject to, and charged with, the execution of certain secret trusts, independent of the will, and for a judicial construction of the will, is a local action and is properly triable in the county in which

all of the testatrix's real estate is located, although the action will affect personal property located elsewhere.

An amended answer served within a time covered by the defendant's legal right becomes the answer contemplated by sections 985 and 986 of the Code of Civil Procedure, conferring on the defendant the right, at the time of joining issue, to demand that the action be removed for trial to the proper county; and such demand may be served with the amended answer, except in cases where the amended pleading is not served in good faith, but for the purpose of delay.

The fact that the defendant served a similar demand with his original answer and failed to move thereunder within ten days after the expiration of a period of five days from the time it was served, does not constitute a waiver of his right to serve the second demand with the amended answer.

*Semble*, that an admission by the plaintiff's attorneys of " due service " of the second demand, implies that it was properly served in time to save the parties' legal rights.

Appeal by the defendant, Cornelius H. Van Ness, individually and as executor and trustee under the will of Emma L. Van Ness, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of August, 1900, denying his motion to change the place of trial of the action from the county of New York to the county of Orange.

*Isaac N. Mills*, for the appellant.

*Charles Blandy*, for the respondents.

Hatch, J.:

This motion was made pursuant to the provisions of section 982 of the Code of Civil Procedure, on the ground that the action is brought to procure a judgment affecting an estate, right, title or interest in real property wholly situated in the county of Orange; and upon the further ground that the place of the transaction involved in the action is in said county and the cause of action, therefore, arose there.

It was opposed upon the merits and upon the grounds that the motion was made too late, and that the defendant Wood did not join in the motion.

The material facts are as follows: Emma L. Van Ness, the wife

of the defendant Cornelius Van Ness, died in the county of Orange, leaving a will of both real and personal property, in and by which she nominated and appointed her said husband her executor and trustee. The will was probated in that county; letters testamentary were issued from the Surrogate's Court thereof to the defendant Van Ness; the administration of her estate thus far had has been solely within that county; Mr. Van Ness and his said wife resided there continuously for about twenty years prior to her death, and Mr. Van Ness is now a resident of Cornwall, in said county. It appears that the estate of Emma L. Van Ness consisted at the time of her death of both real and personal property, all of the real property being a farm containing about ninety-seven acres, with buildings and improvements thereon, of the value of about $70,000, situated in the town of Cornwall, in the county of Orange. The remainder of her estate, consisting of a large amount of personal property, is in New York county. By her will the testatrix devised and bequeathed to her husband, the defendant Cornelius Van Ness, all her estate, real and personal, to have, hold and dispose of the same as he should deem proper; and provided that he should not be accountable to any person as to the manner in which he should use the same, and without any limitations as to his use of the property or the disposal of the same for his own or another's benefit; the remainder over, if any, was to be held in trust for others.

The object and purpose of this action, as disclosed by the complaint, is to procure the judgment of this court declaring that the property belonging to the estate of the testatrix is subject to and charged with the execution of certain secret trusts, independent of the will, arising out of the facts set forth in the complaint, and for a judicial construction of the will. The summons and complaint were served on the defendants Cornelius and Alice Van Ness on the 17th day of April, 1900; on the 10th day of May, 1900, the attorneys for each served upon the plaintiffs' attorneys written demands for a change of the place of trial to Orange county. The time of the defendant Cornelius Van Ness to serve an amended answer was extended to and inclusive of the 14th day of July, 1900, and on that day his attorneys served his amended answer accompanied by a written demand for a change of the place of trial to said county. No consent to change the place of trial was served pursuant to the first

demand, nor was it followed by a motion to change the venue. When the second demand was served, the plaintiffs' attorneys, in writing, admitted "due service of a copy" thereof, dated the day of the service. The notice of this motion was served upon the defendant Alice Van Ness, and her attorney appeared upon the hearing, and in open court consented that the motion be granted, and such consent is recited in the order. The defendant Emma L. Van Ness is an infant, and had not been served at the time the motion was made.

It seems to be well-settled law that where the character of the action determines the place of venue, and the proper county is not named in the summons as the place of trial, the defendant has the right at the time of joining issue to demand that the action be removed for trial to the proper county. Such is the express provision of the Code, sections 985, 986. The language of the Code is that the demand for the change shall be made at the time of the service of the answer. But this has been held to mean the answer which presents the issues to be tried, and that where an amended answer is served within the time covered by the defendant's legal right, it becomes the answer which is in contemplation of the Code provisions, and with it may be served the demand for a change of the place of trial. (*Penniman* v. *F. & W. Co.*, 133 N. Y. 442; *Veeder* v. *Baker*, 83 id. 156.) The only case in which this result will be defeated is where the amended pleading is not served in good faith, but for purposes of delay, in which event if it be stricken out, all advantage obtained by it falls and this includes the right to demand a change of the place of trial. In the present case, therefore, there existed the right to serve the demand for a change of venue with the amended answer which was served. If, therefore, the proper place of trial was in Orange county, compliance should have been made with the demand. It is said that as the plaintiffs did not assent to the change within five days after the first demand was made and as the defendants did not move for the change within ten days thereafter, as required by the Code (§ 986), the latter have waived their rights in the premises.

The difficulty, however, with this contention is that the right which existed to serve the second demand with the amended answer was a legal right which the former demand did not defeat, and the

motion under it was made in time. Aside from this, however, is the fact that "due service" of the second notice or demand was admitted by the attorney, and this implies not only that it was properly served, but that it was served in time to save the parties' legal right. (1 Rumsey Pr. 224; *Talman* v. *Barnes*, 12 Wend. 227.)

It is evident that the motion to change the venue was properly brought before the court for a decision upon the merits. This brings us to the main question.

Section 982 of the Code provides that actions brought to "recover or to procure a judgment, establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real" shall be tried in the county in which the subject of the action or some part thereof is situated. By the terms of the section, therefore, if the action affects an estate, right or title in real property the venue is local. It matters not that personal property situate elsewhere may be affected; such fact is not controlling; it is the situs of the real property that determines the right; upon this subject the averments of the complaint are not controlling and the fact may be shown by affidavit. (*Acker* v. *Leland*, 96 N. Y. 383.)

Does this action affect an estate, right or interest in real property is the question upon which the determination of this appeal must turn, for it is conceded that the only real property of the estate is situated in Orange county. The defendant Cornelius Van Ness, under the will, takes not only a life estate in the property, but he also takes the power to dispose of the property in any form as he may deem proper. There is no limitation whatever upon his right in this respect. If the plaintiffs succeed in establishing the secret trust which their complaint avers to exist, the effect is to diminish the estate of the beneficiary as it takes away the right to dispose of the property and reduces the estate of Cornelius Van Ness therein to a mere life tenancy. That the power to hold, enjoy and dispose of land creates an estate in the land is elementary, and any act which diminishes that estate affects it, and if it be affected then it falls within the Code provision. Not only does the action, if the plaintiffs are successful, diminish the estate of Cornelius Van Ness, but it greatly enlarges the estate of the plaintiffs. They then take the fee of the land in remainder and Cornelius Van Ness may not dis-

pose of it.  It seems clear to us, therefore, that this action affects an estate in land and is, therefore, a local action.  The moving defendants are entitled to the relief which they ask and remain unaffected by plaintiffs' failure to serve Emma Louise Van Ness with the summons and complaint; they are not to be prejudiced by such failure.  As to Alice Van Ness, she appeared and consented to the change, and such fact is recited in the order from which the appeal is taken.  We think, also, that Orange county is the proper place for the trial of this action.  The deceased and her husband resided there at the time of the former's death, and this is the present residence of all of the parties defendant, and in that county all of the proceedings have been had affecting the estate, so that the legal right and a natural selection for the trial of this action is combined.  For these reasons we think the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Van Brunt, P. J., Rumsey, Patterson and Ingraham, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.