HARMON et al. v. VAN NESS et al

(Supreme Court, Appellate Division, First Department. December 14, 1900.)

1. VENUE—DEMAND FOR CHANGE.
   The right to serve with an amended answer a demand for change of venue, which Code Civ. Proc. §§ 985, 986, provide shall be made at the time of the service of the answer, so that motion for change of venue can be made under said demand, is not defeated by a demand having been made when the original answer was served.

2. SAME—ADMISSION OF SERVICE.
   Admission of "due service" by plaintiff's attorney on a demand for change of place of trial, served with the amended answer, implies not only that it was properly served, but that it was served in time to save defendant's rights in the matter.

3. SAME—ACTION AFFECTING REAL ESTATE.
   An action to establish a secret trust in land and personalty, as to which, under a will, defendant takes not only a life estate, but absolute power of disposition, with intent to take away the power of disposition and give to plaintiffs a fee in remainder, is one affecting an estate, right, or title in realty, which Code Civ. Proc. § 982, provides shall be tried where the real estate is situated.

4. SAME—PARTIES.
   There being three defendants, and one of them having moved for change of place of trial, and another having appeared and consented to the change, the right thereto is not affected by the fact that the third defendant has not been served with the summons and complaint.

Appeal from special term, New York county.

Action by Harriet B. Harmon and another, by their guardian ad litem, against Cornelius H. Van Ness, individually and as executor and trustee, and others. From an order denying a motion to change the place of trial from New York county to Orange county, said defendant Van Ness appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Isaac N. Mills, for appellant.
Charles Blandy, for respondents.

HATCH, J. This motion was made pursuant to the provisions of section 982 of the Code of Civil Procedure, on the ground that the action is brought to procure a judgment affecting an estate, right, title, or interest in real property wholly situated in the county of Orange, and upon the further ground that the place of the transaction involved in the action is in said county, and the cause of action, therefore, arose there. It was opposed upon the merits, and upon the grounds that the motion was made too late, and that the defendant Wood did not join in the motion.

The material facts are as follows: Emma L. Van Ness, the wife of the defendant Cornelius Van Ness, died in the county of Orange, leaving a will of both real and personal property, in and by which she nominated and appointed her said husband her executor and trustee. The will was probated in that county. Letters testamentary were issued from the surrogate's court thereof to the defendant Van Ness. The administration of her estate thus far had has been

solely within that county. Mr. Van Ness and his said wife resided
there continuously for about 20 years prior to her death, and Mr.
Van Ness is now a resident of Cornwall, in said county. It appears
that the estate of Emma L. Van Ness consisted at the time of her
death of both real and personal property; all of the real property
being a farm containing about 97 acres, with buildings and improve-
ments thereon, of the value of about $70,000, situated in the town of
Cornwall, in the county of Orange. The remainder of her estate, con-
sisting of a large amount of personal property, is in New York coun-
ty. By her will the testatrix devised and bequeathed to her husband,
the defendant Cornelius Van Ness, all her estate, real and personal, to
have, hold, and dispose of the same as he should deem proper, and
provided that he should not be accountable to any person as to the
manner in which he should use the same, and without any limita-
tions as to his use of the property, or the disposal of the same for
his own or another's benefit. The remainder over, if any, was to be
held in trust for others.

The object and purpose of this action, as disclosed by the com-
plaint, is to procure the judgment of this court, declaring that the
property belonging to the estate of the testatrix is subject to, and
charged with the execution of, certain secret trusts, independent of
the will, arising out of the facts set forth in the complaint, and for
a judicial construction of the will. The summons and complaint
were served on the defendants Cornelius and Alice Van Ness on the
17th day of April, 1900. On the 10th day of May, 1900, the attor-
neys for each served upon the plaintiffs' attorneys written demands
for change of place of trial to Orange county. The time of the de-
fendant Cornelius Van Ness to serve an amended answer was ex-
tended to, and inclusive of, the 14th day of July, 1900; and on that
day his attorneys served his amended answer, accompanied by a writ-
ten demand for a change of place of trial to said county. No con-
sent to change the place of trial was served pursuant to the first
demand, nor was it followed by a motion to change the venue.
When the second demand was served, the plaintiffs' attorneys, in
writing, admitted "due service of a copy" thereof, dated the day of
the service. The notice of this motion was served upon the defend-
ant Alice Van Ness, and her attorney appeared upon the hearing,
and in open court consented that the motion be granted, and such
consent is recited in the order. The defendant Emma L. Van Ness
is an infant, and had not been served at the time the motion was
made.

It seems to be well-settled law that where the character of the
action determines the place of venue, and the proper county is not
named in the summons as the place of trial, the defendant has the
right at the time of joining issue to demand that the action be re-
moved for trial to the proper county. Such are the express provisions
of the Code (sections 985, 986). The language of the Code is that
the demand for the change shall be made at the time of the service
of the answer. But this has been held to mean the answer which
presents the issues to be tried, and that, where an amended answer
is served within the time covered by the defendant's legal right, it

becomes the answer which is in contemplation of the Code Provisions, and with it may be served the demand for a change of the place of trial. Penniman v. Fuller & Warner Co., 133 N. Y. 442, 31 N. E. 318; Veeder v. Baker, 83 N. Y. 156. The only case in which this result will be defeated is where the amended pleading is not served in good faith, but for purpose of delay, in which event, if it be stricken out, all advantage obtained by it falls; and this includes the right to demand a change of the place of trial. In the present case, therefore, there existed the right to serve the demand for a change of venue with the amended answer which was served. If, therefore, the proper place of trial was in Orange county, compliance should have been made with the demand. It is said that as the plaintiffs did not assent to the change within five days after the first, and as the defendants did not move for the change within ten days thereafter, as required by the Code, the latter have waived their rights in the premises. The difficulty, however, with this contention is that the right which existed to serve the second demand with the amended answer was a legal right, which the former demand did not defeat, and the motion under it was made in time. Aside from this, however, is the fact that "due service" of the second notice or demand was admitted by the attorney; and this implies not only that it was properly served, but that it was served in time to save the parties' legal right. 1 Rum. Prac. 224; Talman v. Barnes, 12 Wend. 227. It is evident that the motion to change the venue was properly brought before the court for a decision upon the merits. This brings us to the main question.

Section 982 of the Code provides that actions brought to "recover, or to procure a judgment, establishing, determining, defending, forfeiting, annulling, or otherwise affecting an estate, title, right, lien or other interest in real property, or a chattel real," shall be tried in the county in which the subject of the action, or some part thereof, is situated. By the terms of the section, therefore, if the action affects an estate, right, or title in real property, the venue is local. It matters not that personal property situate elsewhere may be affected. Such fact is not controlling. It is the situs of the real property that determines the right. Upon this subject the averments of the complaint are not controlling, and the fact may be shown by affidavit. Acker v. Leland, 96 N. Y. 383. Does this action affect an estate, right, or interest in real property? is the question upon which the determination of this appeal must turn, for it is conceded that the only real property of the estate is situated in Orange county. The defendant Van Ness, under the will, takes not only a life estate in the property, but he also takes the power to dispose of the property in any form as he may deem proper. There is no limitation whatever upon his right in this respect. If the plaintiffs succeed in establishing the secret trust which their complaint avers to exist, the effect is to diminish the estate of the beneficiary, as it takes away the right to dispose of the property, and reduces the estate of Van Ness therein to a mere life tenancy. That the power to hold, enjoy, and dispose of land creates an estate in the land, is elementary, and any act which

diminishes that estate affects it; and, if it be affected, then it falls within the Code provision. Not only does the action, if the plaintiffs are successful, diminish the estate of Van Ness, but it greatly enlarges the estate of the plaintiffs. They then take the fee of the land in remainder, and Van Ness may not dispose of it. It seems clear to us, therefore, that this action affects an estate in land, and is therefore a local action. The moving defendants are entitled to the relief which they ask, and remain unaffected by plaintiffs' failure to serve Emma Louise Van Ness with the summons and complaint. They are not to be prejudiced by such failure. As to Alice Van Ness, she appeared and consented to the change, and such fact is recited in the order from which the appeal is taken. We think, also, that Orange county is the proper place for the trial of this action. The deceased and her husband resided there at the time of the former's death, and this is the present residence of all of the parties defendant, and in that county all of the proceedings have been had affecting the estate, so that the legal right and a natural selection for the trial of this action are combined.

For these reasons, we think the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.