MARY HOAG, Plaintiff, *v.* THE SOUTH DOVER MARBLE COMPANY, Defendant.

(County Court, Dutchess County, May, 1906.

Street railways — Operation — Actions — Sufficiency of evidence — Injuries to persons crossing tracks.

> Where it appears that after plaintiff, driving a gentle horse, had safely crossed defendant's railroad track and had reached a point in the highway opposite the middle of the car, which had been stopped to allow her to pass, her horse became frightened at the usual noise made in starting a car fitted with compressed air brakes, ran away and plaintiff was thrown out of the wagon and injured, held, that the evidence was insufficient to impute negligence to defendant.

MOTION to set aside verdict and for a new trial.

George Card and Charles Murschauser, for plaintiff.

Frank V. Johnson and Richard B. Aldcroft, for defendant.

PHILLIPS, J.   In this case the evidence most favorable to the plaintiff of the facts from which the negligence of the defendant can be reasonably inferred, is the plaintiff's own testimony, that, as she was proceeding along the highway driving a gentle horse, having just safely passed over the defendant's track at a crossing, while passing a car of the defendant which had been stopped to allow her to pass, then not in motion, her horse became frightened at the noise caused by compressed air escaping from the car, ran away, and she being thrown from her wagon sustained injuries, the basis of this action.

It appears from the evidence that the defendant operates a railroad from Wingdale on the Harlem railroad several miles easterly to their quarries, by electric power; the cars are fitted with compressed air brakes; in order to start a car which has been stopped by the use of the air, the air

'must be allowed to escape from the cylinder, causing a hissing noise. The plaintiff testifies that the noise which she claims frightened her horse was the usual noise made when the cars are being started. The plaintiff had safely passed in front of the car, had reached a point on the highway opposite the middle of the car, and her horse had shown no sign of fear.

This evidence is not, in my opinion, sufficient to impute negligence to the defendant and to support the verdict. Larsen v. U. S. Mortgage & Trust Co., 104 App. Div. 76; Helgers v. Staten Island Midland R. Co., 69 id. 570; Fawdrey v. Brooklyn Heights R. R. Co., 64 id. 418.

Motion to set aside verdict as against the weight of evidence, and for a new trial, is granted upon payment of the costs of trial and disbursements of action to date.

Motion granted.