HOAG, Respondent, v. SOUTH DOVER MARBLE CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 21, 1907.) Action by Mary Hoag against the South Dover Marble Company.

PER CURIAM. Judgment and order of the County Court of Dutchess county affirmed, with costs. See 100 N. Y. Supp. 639.

JENKS, J., dissents.

In re HODGE. (Supreme Court, Appellate Division, First Department. June 21, 1907.) In the matter of Lydia A. Hodge. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See 105 N. Y. Supp. 120.

HOENNINGER, Respondent, v. KARSCH BREWING CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Christian Hoenninger against the Karsch Brewing Company. No opinion. Judgment and order of the County Court of Queens county unanimously affirmed, with costs.

HOLMBERG, Appellant, v. HASKELL, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 28, 1907.) Action by Ruth Holmberg against Julia Haskell. No opinion. Motion for reargument denied, with $10 costs and disbursements. (119 App. Div. 924)

HOLMES v. SLATER et al. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) Appeal from Special Term. Action by Hiram P. Holmes against Grace Ellsworth Slater and another. From a judgment for plaintiff, defendants appeal. Affirmed. Frederick G. Traver, for appellant Slater. Philip Elting, for appellant Dumond. Francis C. Merritt, for respondent.

PER CURIAM. Interlocutory judgment affirmed, without costs, with leave to defendant to withdraw demurrer and answer, upon payment of costs of demurrer at Special Term.

SEWELL, J. (dissenting). It is not claimed, nor can it be successfully, that the facts averred in the amended complaint state a cause of action. The plaintiff relies distinctly and unmistakably upon the allegations of the original complaint, and attempts to make out a cause of action by alleging "that all the allegations set forth in the complaint herein, heretofore served upon the defendant herein, and which allegations and complaint are made a part of the amended complaint, are true as therein stated." The plaintiff's counsel insists that the allegations of the original complaint were, by the above-quoted language, made a part of the amended complaint as effectually as if all the facts therein alleged had been actually incorporated therein. It is well settled that facts stated in one count of a complaint may be made a part of another by referring to and adopting them; but I have not discovered any decision of the courts in this state where it has been held that the allegations of an amended complaint may be supplemented by a general reference to the original pleading. When an amended complaint is served, it takes

105 N.Y.S.—71

the place of the original, and the action proceeds as though it had never been. Penniman v. F. & W. Co., 133 N. Y. 442, 31 N. E. 318. It forms no part of the record. (Elizabethport Manufacturing Co. v. Campbell, 13 Abb. Prac. 86), and cannot be used to supply the omission of an allegation necessary to present a good cause of action by merely referring to it in the body of the amended pleading. Section 481 of the Code is express and imperative. It requires that the complaint must contain a clear, precise, and unequivocal statement of the facts constituting the cause of action. It is obvious that this requisite is not satisfied by a reference to a paper not in the case. The interlocutory judgment should therefore be reversed, with costs of this appeal, and the demurrer sustained, with costs, and upon payment of costs the plaintiff to have leave to plead over.

In re HORAN. (Supreme Court, Appellate Division, First Department. June 28, 1907.) In the matter of Edward F. Horan. No opinion. Application for admission granted. Present order.

HOTCHKISS v. MAHON. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Appeal from Special Term. Action by William E. Hotchkiss against Theresa A. Mahon (sued as Theresa A. Russell). From an order granting an injunction pendente lite, defendant appeals. Order modified, and, as modified, affirmed. Sol. A. Hyman for appellant. T. B. Chancellor for respondent.

PER CURIAM. The order appealed from should be modified, by requiring the plaintiff to give an additional bond in the sum of $750, in which event the order, as so modified, is affirmed. If such bond is not filed and approved within 10 days from the service of the order on this appeal, then the order will be reversed, and the motion for injunction denied. No costs on this appeal.

HOUGH v. BALDWIN. (Supreme Court, Appellate Division, First Department. May 31, 1907.) Action by Joseph C. Hough against Clarence D. Baldwin. No opinion. Application denied, with $10 costs. Order signed.

HOUSE OF GOOD SHEPHERD, Respondent, v. CANDEE & KREKELER CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) Action by the House of Good Shepherd against the Candee & Krekeler Company. No opinion. Motion denied, with costs.

HOYT, Respondent, v. HARBOR & SUBURBAN BUILDING & SAVINGS ASS'N, Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1907.) Action by William N. Hoyt against the Harbor & Suburban Building & Savings Association. No opinion. Judgment and order affirmed, with costs.