## POLMANTEER v. BADEAU et al.

## ANDERSON v. SAME.

(Supreme Court, Special Term, Steuben County.   March 18, 1916.)

1. Venue ⬤⤳11—Grounds—Actions Against Public Officers—False Imprisonment.

Under Code Civ. Proc. § 983, subd. 2, requiring actions against public officers for acts done in virtue of their offices to be brought in the county where the causes arose, an action for false imprisonment must be brought in the county of which the defendants are officers.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 20; Dec. Dig. ⬤⤳11.]

2. Venue ⬤⤳61—Change of Venue—Time for Motion—Amended Pleadings.

Where plaintiffs ignored defendants' demands for change of venue made in the answers, but later filed amended answers, demanding a change, and moved therefor in due time after such amendment, the change must be granted, since the amended answer fixes the issues, and demand therewith is seasonable.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 94–99; Dec. Dig. ⬤⤳61.]

Actions by Osro Polmanteer and by Ora Anderson against Dyer A. Badeau and others.   Heard on motions for change of venue.   Motions granted.

F. B. Beecher, of Atlanta, for plaintiffs in each case.
C. E. Koby, of Naples, for defendants in each case.

CLARK, J.   [1]  These actions are brought against defendants, residents of Ontario county, for false imprisonment.   At least one of the plaintiffs resides in Ontario county.   The venue in both actions is laid in Steuben county.   The actions are against public officials of Ontario county, and defendants urge that that fact entitles them to have the actions tried in that county.   Code Civ. Proc. § 983, subd. 2.

[2]  Within the proper time after summons and complaints had been served in these actions, defendants served answers setting up general denials, and with the answers served written demands that the place of trial be changed to the proper county, viz. Ontario county.   Plaintiffs ignored the demands, and on February 11, 1916, defendants served amended answers, setting up, among other things, that the alleged causes of action grew out of matters in connection with their official duties as public officials of Ontario county.   These amended answers were served seasonably, and with them defendants served further written demands that the place of trial be changed to Ontario county.   Plaintiffs ignored these demands, and within 10 days after the 5 days allowed to plaintiffs to consent to the change defendants made these motions.

Plaintiffs urge that defendants are too late, for the reason that they ought to have made the motions within 15 days after the first demands

⬤⤳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the place of trial be changed were served; these first demands having been served with the first answers. Defendants reply that they had a right to serve the demands that the place of trial be changed with the amended answers, and that, having made these motions within 15 days after the last demands were made, that they are in time.

Defendants are clearly right in their contention, and the case of Harmon v. Van Ness, 56 App. Div. 160, 67 N. Y. Supp. 561, is controlling. There demands for a change of place of trial to Orange county were made on the 10th day of May, 1900, but the time for serving an amended answer had not expired. On the 14th day of July, 1900, one of the defendants seasonably served an amended answer, and at the same time served a written demand for a change of place of trial. No consent to change the place of trial pursuant to the first demand was served, and there was no motion made, when the second demand was served with the amended answer, and the plaintiff ignored it. A motion was made to change the place of trial, and the position of the defendant that he was in time when the demand was served with the amended answer was upheld.

There is no question but that the amended answer is the one which furnishes the issues in the case, and supersedes the original answer. 31 Cyc. 465. Where it is served in time, it becomes the answer in the case, and a demand to change the place of trial served with the amended answer is seasonable. Penniman v. Fuller, 133 N. Y. 442, 31 N. E. 318; Harmon v. Van Ness, 56 App. Div. 160, 67 N. Y. Supp. 561, 40 Cyc. 142.

These motions must therefore be granted, with costs in each case to abide the event.