BERNE A. PYRKE, Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* CONTINENTAL CASUALTY COMPANY, Defendant.

Supreme Court, Oneida County, May 7, 1932.

*Berne A. Pyrke*, in person [*Henry S. Manley* of counsel], for the plaintiff.

*Robert M. McCormick* [*Fred J. Sisson* of counsel], for the defendant.

DOWLING, J. Plaintiff moves to strike out amended answer served herein " upon the ground that it was interposed for purposes of delay, and/or setting May 16th, or some specific date thereafter, as a day certain for the trial of this suit."

Defendant, by cross-motion, moves that the action be transferred from the county of Oneida to the county of New York " upon the ground that neither party to this action resides within said County of Oneida."

Plaintiff brings this action, under article 21 of the Agriculture and Markets Law, to recover the penalty of a bond given by the defendant, pursuant to section 253 of said article.

By paragraph 1 of the original answer defendant " denies it has any knowledge or information sufficient to form a belief as to paragraphs numbered one, three, six, seven, eight and nine of the complaint, thereby raising an issue as to its liability in this action." By paragraph " third " of the amended answer, defendant " denies each and every allegation contained in paragraphs six, seven, eight and nine of the complaint herein," thereby raising the same issue raised in the original answer. The amended answer then attempts to plead: a. " A first, separate and complete defense and * * * counterclaim." b. " A second, separate and partial defense and * * * counterclaim." c. " A third, separate and complete defense."

The matter pleaded as separate, partial or complete defenses or as counterclaims, does not present any kind of a defense or counterclaim.

To establish a cause of action, the plaintiff must prove: a. The application of Eastern Milk and Cream Co., Inc., for a license under article 21 of the Agriculture and Markets Law. b. The execution by the defendant of the bond in question and the issuance of a license to such applicant. c. A " default by the licensee in any of the conditions of the bond," during the license period.

" Upon default by the licensee, in any of the conditions of the bond," an action for the penalty of the bond shall be brought by the Commissioner. He is not required to give notice to claimants to file their claims until he has made a recovery on the bond. The statute does not require him to expend the money of the State in giving notice to claimants to file their claims with him until he has recovered upon the bond and has something to distribute.

It is immaterial whether the amount of the claims is equal to, or less than, the penalty of the bond. The whole penalty of the bond becomes payable " upon default of the licensee in any of the conditions of the bond." If the claims presented do not equal the recovery upon the bond, the surplus is paid into the State treasury. The constitutionality of this latter provision has not been determined by the Court of Appeals (*People* v. *Perretta*, 253 N. Y. 305, 313), and is not involved in the decision of these motions.

The principal question to be litigated is as to whether or not the licensee defaulted in the condition of the bond relative to the payment of " creditors " for milk delivered to the licensee during the license period. It is not necessary for the plaintiff to swear all the claimants to establish the default claimed, if default there was.

Under this interpretation of the statute and upon the facts presented on this motion it is clear that the amended answer was served for delay, and that to allow it to stand would deprive the plaintiff of the benefit of a trial of this cause at the present term of court in Oneida county. It should, therefore, be stricken out.

Defendant's cross-motion falls with the amended answer. (*Penniman* v. *F. & W. Co.*, 133 N. Y. 442, 445.)

This cause should be speedily tried. It will be placed at the head of the day calendar for May 16, 1932.

Ordered accordingly, without costs